Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 828 | **DATE** | 3/6/2001 |
| **CASE TITLE** | Ulander Stone vs. AFGE et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The AFGE Council 220's motion to dismiss Counts I and II of plaintiff's complaint [7-1] is denied. Defendant's motion to dismiss counts III and IV are granted. Status hearing set for 3/27/2001 at 9:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 0 7 2001 date docketed | |
| | Notified counsel by telephone. | | | 16 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ULANDER STONE, | ) |
| Plantiff, | ) |
|  | ) No. 00 C 828 |
| v. | ) |
|  | ) Honorable Wayne R. Andersen |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES COUNCIL, | ) |
| Defendants. | ) |

DOCKETED
MAR 0 7 2001

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion to dismiss or, in the alternative, for summary judgment on Counts I through IV of the plaintiffs' Complaint filed by defendants American Federation of Government Employees (AFGE) and American Federation of Government Employees Council 220 (AFGE Council 220). Plaintiff filed this action against defendants alleging violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. (Counts III and IV), and 42 U.S.C. §1981 (Count I and II).

Plaintiff moved to voluntarily dismiss Counts III and IV of her complaint, as well as all of her claims against AFGE. Counts III and IV of plaintiff's complaint are dismissed without prejudice. Therefore, the primary issue presented in this motion, regarding Counts I and II against AFGE Council 220, is whether an employment at-will provides a sufficient contractual relationship to support a §1981 claim for employment discrimination. For the following reasons, AFGE Council 220's motion to dismiss is denied.

## ALLEGATIONS OF THE COMPLAINT

On a motion to dismiss, the facts must be taken in light most favorable to the plaintiff. Therefore, the following facts alleged by the plaintiff will be accepted as true for purposes of this motion.

Plaintiff, Ulander Stone, an African-American female, worked at the AFGE Council 220 office as Assistant to the President from March 1998 through October 8, 1999, at which time she was fired and then later placed on administrative leave pending discharge. Beginning in March 1998, plaintiff maintains she endured continuous racial harassment at the hands of Jill Hornick, a white female who worked in AFGE Council 220 office as a Council Representative. Around June 1998, plaintiff reported the harassment to her boss, AFGE Council 220's President, Witold Skwierczynski, a white male. Mr. Skwierczynski took no action to stop the harassment and instead appointed Ms. Hornick to the position of Office Administrator that gave her direct supervisory control over plaintiff. Ms. Hornick allegedly subjected the plaintiff to racial harassment on an almost daily basis. Plaintiff asserts that on May 13, 1999, at the office Ms. Hornick called Stone a "nigger," among other names, within the hearing of other union members. Plaintiff reported the May 13 incident to Skwierczynski, who took no action. Thereafter, the alleged harassment continued. Plaintiff complained in writing on July 28, 1999, to the AFGE Council 220 Executive Board about the racial harassment and Mr. Skwierczynski's inaction. In response to plaintiff's allegations of racial harassment, the AFGE Council 220 Executive Board temporarily removed Ms. Hornick as plaintiff's supervisor and ordered that an internal investigation of the charges be conducted.

The day after plaintiff complained to the Executive Committee, Mr. Skwierczynski

2

allegedly threatened the plaintiff with the loss of her employment. On August 5, 1999, plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against the Union for both discrimination and retaliation.

In early August 1999, Skwierczynski began documenting purported performance issues and scrutinized plaintiff's work more than ever before. Plaintiff attempted to reply in writing to Skwierczynski's comments on her performance, but he reprimanded plaintiff for doing "personal business" while on company time. Furthermore, in mid-August 1999, Skwierczynski reprimanded plaintiff for not taking direction from Ms. Hornick, despite the Executive Board's order that Ms. Hornick not supervise the plaintiff. When plaintiff brought this situation to the attention of the AFGE's Women's Fair Practices Direction, Skwierczynski again reprimanded plaintiff for using the fax machine for "personal business."

Plaintiff alleges that Skwierczynski' decision to comment about her deficiencies and terminate her employment were based on plaintiff's race and in retaliation for her complaints to the Executive Board and EEOC. Two members of AFGE's Womens' and Fair Practices Department began conducting an investigation into plaintiff's complaints. However, plaintiff claims that Skwierczynski terminated plaintiff's employment before the Womens' and Fair Practices Department finished its investigation. The plaintiff further contends that Skwierczynski terminated the investigation without the required prior approval by the Executive Committee.

Based on these allegations in her complaint, plaintiff alleges that defendant AFGE Council 220, violated plaintiff's rights under §1981 of the Federal Civil Rights Act, 42 U.S.C. §1981.

AFGE Council 220 has filed a motion to dismiss on Counts I and II because (1) plaintiff was an at-will employee and the defendant claims at-will employment is not sufficient to maintain a cause of action under §1981 and (2) plaintiff failed to plead the existence of a contractual relationship between herself and AFGE Council 220.

## DISCUSSION

In deciding a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. Wilson v. Formagioni, 42 F.3d 1060, 1062 (7th Cir. 1994); McMath v. City of Gary, Ind., 976 F.2d 1026, 1031 (7th Cir. 1992). "Dismissal is properly granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)).

### I. Section 1981 Applicability to Plaintiff's Claims

Section 1981 provides that:
> All persons within the jurisdiction of the United States of America shall have the same right in every State and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

There is no dispute between the parties that plaintiff's employment contract was at-will. The defendant contends that, as an at-will employee, the plaintiff was not party to an enforceable contract on which to base a §1981 claim. We disagree. This court holds that employment at-will provides a sufficient contractual relationship to support a §1981 claim for

employment discrimination.

Section 1981 bars racial discrimination in making and enforcing contracts. In order to bring a §1981 claim, there must at least be a contract. See Gonzales v. Ingersoll Milling Machine Co., 133 F.3d 1025, 1034 (7th Cir. 1998). Although the Seventh Circuit has not squarely addressed the issue of whether employment at-will provides a sufficient contractual relationship, See Gonzales, 133 F.3d at 1034, four other Federal Courts of Appeals have decided that at-will contracts can support a 1981 claim. See Lauture v. International Business Machines Corp., 216 F.3d 258, 260-261 (2nd Cir. 2000); Perry v. Woodward, 1999 F.3d 1126, 1133 (10th Cir. 1999); Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018-1019 (4th Cir. 1999); Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc., 160 F.3d 1048, 1050 (5th Cir. 1998). Although neither the Seventh Circuit nor the district courts of this circuit are required to give automatic deference to other circuit court decisions, those decisions should be respectfully considered with a mind towards uniformity of federal law. See Colby v. J.C. Penney Co., Inc., 811 F.2d 1119, 1123 (7th Cir. 1987).

In reaching their decisions, the courts in Spriggs and Fadeyi relied on a Seventh Circuit discussion of the nature of at-will employment. Judge Posner, in McKnight v. General Motors Corp., observed:

> Employment at-will is not a state of nature but a continuing contractual relation. Wages, benefits, duties, working conditions, and all (but one) of any of them will give the employee a cause of action for breach of contract. All that is missing is a provision that gives the contract a fixed term or that entitles one or both parties to a specified amount of notice before the other party can cancel the contract without liability. A contract for employment at will may end abruptly but it is a real and continuing contract nonetheless, not a series of contracts each day – or a minute—long.

5

908 F.2d 104, 109 (7th Cir. 1990)

Defendants contend that the Seventh Circuit's *dicta* in a more recent case makes clear its intention to prevent at-will employees from pursuing a remedy for employment discrimination under §1981. In Gonzales v. Ingersoll, the Seventh Circuit questioned the validity of Judge Posner's conclusion that at-will employment might support a §1981 claim, because of McKnight's reliance on a Supreme Court case which inspired a legislative change in the law. 133 F.3d 1025, 1034 (7th Cir. 1998). However, the Gonzales court declined to determine whether an at-will status provided sufficient support for a §1981 claim because the plaintiff's claim failed on other grounds. Id.

In Spriggs, the Fourth Circuit determined that Judge Posner's analysis of the at-will employment relationship remained persuasive whether or not McKnight's ultimate holding remained good law. The McKnight decision relied on the Supreme Court's ruling in Patterson v. McLean Credit Union, which held that §1981 applied only to the formation of contracts and not the continuing contractual relationship. 908 F.2d 104, 108 (7th Cir. 1990); Patterson, 491 U.S. 164, 188 (U.S. 1989). Congress overruled the effect of the Patterson decision in the Civil Rights Act of 1991 by broadening the definition of "make and enforce contracts" to read:

> For the purpose of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C §1981(b)

While the McKnight holding is no longer valid, this court agrees with the Fourth Circuit that the §1981 amendment did not alter the soundness of Judge Posner's analysis of the at-will employment relationship. Therefore, under the reasoning in McKnight, the plaintiff, as an at-

6

will employee, has a contractual relationship sufficient to support a §1981 claim.

In addition to Judge Posner's analysis of at-will employment relationships, the legislative history of 1991 amendments to §1981, included in the Civil Rights Act of 1991, indicates the intent of Congress to protect all employees from employment discrimination. The stated purpose of the Civil Rights Act of 1991 was "to provide appropriate remedies for intentional discrimination and unlawful harassment in the workplace," and "to respond to recent decisions of the Supreme Court by expanding the scope of relevant civil rights statutes in order to provide adequate protection for victims of discrimination." 137 Cong. Rec. S15273-01.

To deny at-will employees protection under §1981 from discrimination would severely weaken the statute and conflict with its intended purpose. Lauture 216 F.3d at 263; Fadeyi, 160 F.3d at 1050 ("to hold that at-will employees have no right of action under §1981 would effectively eviscerate the very protection that Congress expressly intended to install for minority employees ... .") The report of the Education and Labor Committee explained that part of its aim in revising §1981 was to "restore protection under federal law against harassment and other forms of intentional discrimination in the terms and conditions of employment for the more than 11 million employees in firms that are not covered by Title VII." H.R. Rep. No. 102-40(I), at 92 (1991), reprinted 1991 U.S.C.C.A.N. 549, 630.

Because Title VII is limited to employers who hire more than fifteen employees, §1981 is used to prevent discrimination in the workplace of employers with fewer than fifteen employees. Lauture 216 F.3d at 264. Therefore, excluding at-will employees, would leave at-will employees of small businesses with no Federal remedy for discrimination. Id. Defendant's

7

narrow construction of §1981, which excludes protection of at-will employees, is at odds with its purpose. Therefore, employment at-will provides a sufficient contractual relationship to support a §1981 claim for employment discrimination.

The Supreme Court's holding in Haddle v. Garrison further supports this conclusion that an at-will employment relationship implicates contractual rights. See Daniels v. Nationwide Insurance, 1999 U.S. Dist. LEXIS 10677 (N.D. Ill. 1999); Allen v. Chicago Transit Authority, 2000 U.S. Dist. LEXIS 937 (N.D. Ill. 2000). The Supreme Court held that an at-will employee may sue under §1985(2) for tortuous interference with the employment relationship by a third party. See Haddle v. Garrison, 525 U.S. 121, 126, 119 S.Ct. 489 (U.S. 1998). The Court quoted a state court decision which said, "even though a person's employment contract right is at-will, he has a valuable contract right which may not be unlawfully interfered with by a third person." Id. (quoting Georgia Power Co. v. Busbin, 250 S.E.2d 442, 444 (Ga. 1978)). Such language implies that the court views at-will employees as having a contractual relationship with their employers. In discussing Haddle, the Second Circuit said, "[i]f there is no contract at all in an at-will employment relationship, it is hard to see how such a cause of action would be tenable." Lauture v. Int'l Business Machines Corp., 216 F.3d 258, 261 (2nd Cir. 2000). Therefore, plaintiff's employment at-will status provides a sufficient contractual relationship to support a §1981 claim for employment discrimination.

## II. Section 1981 Pleading

The defendant contends that, even if this court finds that at-will employment status provides an adequate basis for plaintiff's §1981 claim, she did not plead the existence of a contractual relationship adequately. The Federal Rules of Civil Procedure only require a short and plain statement showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Plaintiff clearly alleged an employment relationship with AFGE Council 220 in her complaint. This is sufficient to survive a motion to dismiss. Accordingly, the AFGE Council 220's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss of the defendant AFGE Council 220's motion to dismiss Counts I and II of plaintiff's complaint is denied. Defendants' motion to dismiss Counts III and IV are granted.

Wayne R. Andersen
United States District Judge

Dated: March 6, 2001

9